# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

      Plaintiff,

vs.                                                                                              No. 18-CR-2429-WJ

DARREN BENALLY,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART AND DENYING IN PART
## DEFENDANT'S MOTION TO COMPEL DISCOVERY

THIS MATTER comes before the Court upon Defendant's Motion to Compel Discovery, filed August 24, 2018 **(Doc. 33).** Having reviewed the parties' briefs and the applicable law, the Court has determined that Defendant's motion shall be granted in part and denied in part as herein described.

### BACKGROUND

On July 27, 2018, a federal grand jury returned an Indictment against Defendant, charging him with second-degree murder, a crime that occurred in Indian Country, in violation of 18 U.S.C. §§ 1153 and 1111. Doc. 26.[1] Defendant requests an Order compelling the Government to produce certain evidence and information that he claims he is entitled to under constitutional and statutory authority, consisting of an eleven-page list of discovery demands, including the production of medical records and the OMI report for the decedent.

**I.**     **Relevant Law**

---

[1] The October 1, 2018 trial date for this case has been vacated. *See* Doc. 43.

A defendant's entitlement to discovery is governed by statutory law under Rule 16 and in the interest of due process under *Brady v. Maryland*, 373 U.S. 83, 87 (1963) and *Giglio v. U.S.,* 405 U.S. 150.

In *Brady v. Maryland*, the United States Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87 (1963). To establish a *Brady* violation, the accused must show that (1) the prosecution suppressed evidence; (2) the evidence was favorable to the accused; and (3) the evidence was material to the defense. *See Trammell v. McKune*, 485 F.3d 546, 551 (10th Cir. 2007).

In *Giglio v. U.S.*, the Supreme Court extended the prosecution's disclosure obligation to evidence that is useful to the defense in impeaching government witnesses, even if the evidence is not inherently exculpatory. *See* 405 U.S. 150, 153 (1972); *Douglas v. Workman*, 560 F.3d 1156, 1172-73 (10th Cir. 2009) ("[N]o distinction is recognized between evidence that exculpates a defendant and 'evidence that the defense might have used to impeach the [State's] witnesses by showing bias and interest.'")

The Jencks Act, 18 U.S.C. §3500(a) provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the Defendant) shall be the subject of subpoena, discovery, or in inspection until said witness has testified on direct examination in the trial of the case."

Finally, Fed.R.Crim.P.16 (a)(1)(E) requires the Government to disclose "books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items" that are material to preparing the defense, if the item is within the government's

possession, custody, or control. Rule 16(a)(1)(E(i). Rule 16 does not obligate the Government to take any action to discover information that it does not possess. *United States v. Tierney*, 947 F.2d 854, 864 (8th Cir. 1991), or to "secure information from third parties." *United States v. Gatto*, 763 F.2d 1040, 1048 (9th Cir. 1985).

Rule 16 further requires the prosecution to disclose, upon the defendant's request, the results or reports of any physical or mental examination and of any scientific test or experiment if:

(i) the item is within the government's possession, custody, or control;

(ii) the attorney for the Government knows – or through due diligence could know – that the item exists; and

(iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial.

Fed.R.Crim.P.16(a)(1)(F). However, there are three significant areas that are not discoverable under the authority of Rule 16:

(1) The rule does not extend to "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." See Fed.R.Crim.P. 16(a)(2);

(2) The rule does not extend to prior statements of witnesses, the disclosure of which is governed by the Jencks Act, 18 U.S.C. § 3500. *Id.*;

(3) Rule 16 does not authorize disclosure of grand jury transcripts. See Fed. R. Crim. P. 16(a)(3).

The Government has already provided four sets of discovery to Defendant, which did not include the decedent's medical records, the OMI report or any of the supporting scientific documentation requested by Defendant. The Government states that with the exception of the OMI report, toxicology report and grand jury transcript, it is unaware if most of the materials

3

requested in the list above even exist—and if they do, they are in the possession of third parties such as unknown health care providers of the victim.

## DISCUSSION

Defendant sketches out some of the general law relating to the Government's obligation to disclose discovery material in criminal cases, but as the Government notes, defense counsel has not bothered to connect this general law to any of the specific requests. This left the Government to parse out how and whether the law entitles Defendant to each of the laundry list of discovery demands. The Court also notes that the Discovery Order governing this case requires that Defendant identify "with specificity the evidence required to be disclosed . . . ." – and this has not been done, either. Doc. 29 at 5. The Court considered striking Defendant's motion, requiring it to be re-filed after completing the appropriate research and analysis as to each enumerated discovery request and also considered denying it in its entirety based on this lack of specificity, but the Government's well-articulated response has more than adequately made up for the deficiencies in defense counsel's brief.[2]

The Court addresses each of the requests in turn, numbered consecutively beginning on page 3, with number 13:

### *Victim's medical records for the last 15 years* (¶¶13a & b):

The Government disavows its possession of these documents, stating that they are in the possession of unknown health care providers. Defendant may find this information to be "material" to preparing a defense, but he offers no legal basis for obtaining this information from

---

[2] The closest defense counsel comes to specificity is in stating that decedent's medical records and the OMI report are material to Defendant's defense. Doc. 33 at 13. There is no discussion accompanying any of the other dozens of requests explaining what law entitles Defendant to disclosure of those items.

the Government, including Rule 16. *See U.S. v. Combs,* 267 F.3d 1167, 1173 (10th Cir. 2001).

Defendant's request in this category is DENIED.

***Victim's criminal record and all federal, state, local and tribal reports involving John Doe as an "arrestee, defendant, or victim, in any form, detailing his violence and chronic alcoholism in the community" (¶ 13c):***

The Government has already disclosed John Doe's state and tribal criminal history. The other requested information in this category (that is, reports pertaining to the victim) is not discoverable under Rule 16, nor has Defendant shown with specificity how those reports are material to his defense. This request is DENIED.

***Victim's "OMI Report, including the toxicology report, the OMI's investigation, and any and all documents reflecting scientific research or support of the OMI's conclusion" (¶ 13d):***

(a) *OMI report & toxicology report*: The Government does not have in its possession either the toxicology report or the OMI report, although it has been exercising due diligence to obtain these materials. The Government concedes that this material is discoverable under Rule 16 and that it is material to the defense. Based on the Government's description of the steps it has taken thus far to obtain the OMI report and toxicology report, the Court is satisfied that the Government is making good faith attempts to speed the process along in obtaining this material from an outside source. Defendant's motion is GRANTED as to the OMI report and toxicology report, and the Court holds the Government to its assurance that it will disclose this material soon after it is received.

(b) *Documents reflecting scientific research or support of the OMI's conclusion*. These documents are not discoverable under Rule 16, as they do not constitute either "results" or "reports" which are discoverable under the rule. *See United States v. Dennison*, 937 F.2d 559, 566 (10th Cir. 1991) (psychiatric notes taken during discussions with defendant were not discoverable as medical reports or results); *United States v. Price*, 75 F.3d 1440, 1445 (10th Cir.

1996) (court did not abuse discretion in refusing to permit additional discovery relating to laboratory processes under Rule 16). The request for material in this category is therefore DENIED.

*Disclosure of thirty-three items of "scientific discovery" (¶ 13e):*[3]

The Government is correct that none of the items in this category are discoverable. Defendant offers no legal basis for obtaining any of these documents, and regardless of whether they might be "material" to the preparation of the defense, Rule 16 does not provide any basis for disclosure because none of the requested items in this category is a report or result. *See* Fed.R.Civ.P.16(a)1)(F). Defendant's request for items in this category is DENIED in its entirety.

*Disclosure of "Specific Reports Related to Toxicology" related to the victim in addition to the toxicology report (¶ 13f):*

(a) *Toxicology report*: As mentioned previously, the Government agrees that the victim's toxicology report is discoverable under Rule 16. The Government has not yet received this report from OMI, and so the Government cannot give what it does not possess, but states that it will produce the report as soon as it is received. Defendant's request for the toxicology report is GRANTED.

(b) *Material related to the toxicology report*: Rule 16(a)(1)(F) permits disclosure only of items which are "reports" of examinations and tests. Without more specificity, the Court assumes that this additional requested material does not constitute "reports" or "results," and so the request in this grouping is DENIED.

---

[3] Examples of the items in this category are: (a) the validation study for each qualitative and quantitative method used to analyze evidence in this case; (b) the complete validation file, including scope and approach of the empirical design, assumptions, raw and processed data, results, statistical analysis of data, conclusions, and computed estimate of uncertainty; (c) the validation and verification records of any laboratory-prepared or laboratory-revised software or any data processing applications (e.g., Excel templates) used to process toxicology data; and (d) for each method used to test evidence in the subject case, the laboratory's approved Standard Operating Procedure(s). *See* Doc. 33 at 4.

*Grand jury transcripts in their entirety* (¶ 13g):

Rule 16(a)(3) specifically exempts grand jury transcripts from discovery. However, the Government states that it intends to disclose the testimony of its witness that is contained in the transcript. The Court assumes that this testimony falls under Jencks *Act* material, which is eventually discoverable, although not at this time. This testimony shall be disclosed at the same time other Jencks material is disclosed (see Court's findings for request in ¶13i, below). The Court therefore GRANTS this request in part, limited to the Government's intention to disclose the testimony of its witness.

*Any documents or information that would indicate that any of the allegations in the Indictment are not true* (¶ 13h):

The Court agrees with the Government herein that this broad request does not come within any Rule 16 provision allowing discovery (nor does it show the requisite specificity to determine whether any of the provisions apply) or the Court's Discovery Order (Doc. 29). Moreover, to the extent that the nature of the requested material may be exculpatory, the Government's obligation under *Brady* already covers disclosure of such material. Therefore the request as iterated in the motion is DENIED.

*Any information to impeach the United States' witnesses whose statements will be introduced at trial pursuant to Fed.R. Evid. 801* (¶ 13i):

(a) To the extent Defendant requests *Giglio* material, the Government is under a continuing obligation of disclosure, and Defendant's request is GRANTED in this regard.

(b) To the extent that Defendant is requesting the statements of witnesses for the Government, these are not discoverable under any provision of Rule 16, although they do fall squarely within the category of Jencks Act material. Statements of witnesses for the Government who do not testify, however, are not discoverable. Under the Jencks Act, the

testimony of a witness for the prosecution is not discoverable unless or until he or she actually testifies at trial. 18 U.S.C. §3500(a); however, the Government states that it will produce any Jencks material at or before the time provided by law or by the date provided by the Court. The Court hereby GRANTS Defendant's request as to statements of witnesses for the prosecution who will testify at trial, and orders the Government to make these statements available to the defense **within ten (10) days of trial**.[4]

***Information of misconduct by any potential witness for the United States* (¶ 13j)**

This information also falls under *Giglio* information, which the Government acknowledges it is obliged to disclose. This request is GRANTED, and the Government shall provide any *Giglio* material as soon as possible. To the extent the production of such evidence conflicts with Jencks Act material, disclosure shall be made **within ten (10) days of trial.**

*All Navajo Nation investigative reports* (¶ 13k)

The Government states that it has already disclosed all discoverable material in its possession within this category, referring to documents Bates-stamped as 9 - 17, 220 - 225. This request is therefore DENIED as moot.

***Lastly, Defendant is requesting that the discovery not be redacted* (¶14).**

The Government argues that Defendant is not entitled to unredacted discovery because the redacted portions are personal identifiers and are therefore not discoverable. The Government offers to produce subsequent additional discovery in an unredacted format, noting that it is defense counsel's responsibility to protect and not disseminate any personal identifiers

---

[4] The Court recognizes that the Court's Discovery Order relies on the Jencks Act itself in setting a deadline for disclosure. Doc. 29 at 5. However, the Court finds that a ten-day period of time before trial sufficiently protects the Government's interests under the statute as well as efficient time management at trial. The Government may request review of the imposed ten-day period of time if sufficient reason exists for doing so.

contained in the discovery material. The Court GRANTS in part and DENIES in part Defendant's request in this category in the following manner:

(1) To the extent Defendant seeks the Government to re-disclose material in *un*redacted form, this request is DENIED at this time, although Defendant may separately request of the Government *specific* documents in unredacted form, and seek Court intervention if necessary;

(2) The parties are hereby ordered to confer regarding whether subsequent disclosures should be provided to defense counsel in unredacted or redacted form; and

(3) Assuming that Defendant seeks unredacted material in subsequent disclosures, there shall be no disclosure of *any* unredacted material (including the materials in (1)) unless and until the parties enter into a **protective order** to be generated by the parties, submitted to and approved by the Court, and then filed into the record for this case.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Compel Discovery **(Doc. 33)** is hereby GRANTED in part and DENIED in part, as described in this Memorandum Opinion and Order.

_____
CHIEF UNITED STATES DISTRICT JUDGE