IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                               No. 18-cr-2429-WJ

DARREN BENALLY,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE GOVERNMENT'S EXHIBITS 18 AND 19 [Doc. 160]
## and
## DENYING DEFENDANT'S REQUEST TO ADMIT ADDITIONAL EXCERPTS OF INTERVIEW UNDER RULE OF COMPLETENESS [Doc. 169]
## and
## GRANTING UNITED STATES' OPPOSED SECOND MOTION TO EXCLUDE HEARSAY [Doc. 170]

THIS MATTER comes before the Court following the pretrial conference hearing, at which the Court took up arguments pertaining to the *Defendant's Motion in Limine Regarding Government's Exhibits 18 and 19*. **Doc. 160**, filed 6/16/19. Upon direction of the Court, defendant submitted additional excerpts of his interrogation that he requests be admitted into the record under the rule of completeness in his *Notice of Additional Audio Excerpts of Darren Benally's Interview for the June 24, 2019 Trial*. **Doc. 169**, filed 6/19/19. The Government responded by filing its *Second Motion to Exclude Hearsay*. **Doc. 170**, filed 6/19/19. For the reasons below, both of defendant's motions are **DENIED** and the Government's motion is **GRANTED**.

## BACKGROUND

Government's Exhibits 18 and 19 are excerpts from Defendant's recorded statements to Special Agent Jeffrey Wright and Criminal Investigator Wilson Charlie on March 27, 2018. *See*

1

Doc. 162. Exhibit 18 contains a segment of the interrogation of defendant in which he answered questions indicating that he did not use a weapon during the altercation, as well as questions about how the altercation started. *See* Doc. 162-1. Exhibit 19 contains a segment of the interrogation in which defendant described his interactions with the decedent, and in which defendant declined to "pass along" an apology about the death. *See* Doc. 162-2. Defendant objects to the Government's Exhibits 18 and 19 on the grounds that the exhibits are irrelevant and prejudicial under Fed. R. Evid. 401 and 403. Doc. 160. The Government maintains that it can properly submit the exhibits under Fed. R. Evid. 801(d)(2) as opposing party statements and that they survive Rule 401 and 403 scrutiny. Doc. 162. Defendant also argued at the pretrial hearing on June 18, 2019, that the Rule of Completeness requires that other statements the defendant made to the agents be admitted; the Government disagrees. At the pretrial conference, the defense read into the record some of these statements that it claims support its position. The Court ruled that defense could submit in writing specific excerpts that Defendant maintains should be provided to the jury under the Rule of Completeness. Defense did so in Doc. 169 and the Government responded in its own motion (Doc. 170) reiterating its position on exclusion of defendant's statements not included in the Government's exhibits.

## DISCUSSION

**I.  Fed. R. Evid. 401 and 403**

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Rule 401 is a liberal standard and it establishes "only a minimal level of probability—the evidence must render the asserted fact of consequence more probable than it would be without the evidence." *United States v. Leonard*, 439 F.3d 648, 651 (10th Cir. 2006).

2

Evidence may be excluded despite being relevant if its probative value is substantially outweighed by danger of unfair prejudice, or of misleading or confusing the jury. Fed. R. Evid. 403.

One of the elements of the charged conduct, that is second-degree murder, and of the lesser included offenses of voluntary and involuntary manslaughter, is that the defendant caused the death of the victim. Exhibit 18 is relevant because it is probative of the defendant's conduct, and the manner in which the death occurred and what caused it. Doc. 162-1. Defendant's statements in Exhibit 18 are also probative of his mental state at the time, which is another element in each of the substantive instructions that the Court anticipates giving to the jury. Furthermore, under Rule 403, the probative value of the defendant's statements is not substantially outweighed by danger of unfair prejudice. Rule 801(d)(2) allows admission of these statements as opposing party statements, in part because statements a declarant made that may have been against his own interest are more reliable than self-serving ones. In this sense, the fact that these statements may be prejudicial against the defendant's case is not sufficient grounds for exclusion—much of the Government's evidence is often prejudicial to the defendant, but that does not make it inadmissible. Finally, the Court does not find that these statements will be confusing or misleading to the jury about whether a weapon was used in the altercation—defendant's statements that he did not use a weapon are consistent with the autopsy report, anticipated expert testimony, and photographs in the Government's exhibits, such that the jury should not receive inconsistent evidence in this regard. It is within the purview of the jury to consider how the death occurred.

Exhibit 19 is relevant because it is also probative of the defendant's mental state at the time of the altercation for the same reasons discussed above, as this exhibit includes statements about the defendant being "pissed." Doc. 162-2 at 4. The recording also includes statements about defendant vaguely declining to "pass a message along" to the family as an apology. Doc. 162-2 at

1. Defense relies on the Tenth Circuit's comments on the district court's error in admitting an apology letter in *United States v. Vaughan*, 450 F. App'x 757 (10th Cir. 2011). In this case, there are two distinctions that make *Vaughan* not applicable; first, unlike in *Vaughan*, the defendant's statements in the instant case are not excludable under Rule 404, which imposes restraints on prior bad acts; rather, any restraint here is imposed through the rule against hearsay. As discussed above, hearsay rules do not prevent the Government from submitting these statements by defendant. Secondly, under Rule 403 balancing, the probativeness of this segment of recording is not outweighed by any unfair prejudice for similar reasons as discussed above; while some of this recording may be considered prejudicial, there is no danger of unfair prejudice in the defendant's statements. Defendant declined to "pass along a message" of an apology to the family, but this creates an inference that either side can argue—that the defendant did not feel remorse or that the defendant did not have a guilty mind. It is within the purview of the jury to consider how this evidence reflects on defendant's mens rea.

The Court therefore finds that Exhibits 18 and 19 survive Rule 401 and 403 scrutiny.

## II. Rule of Completeness – Fed. R. Evid. 106

As noted above, the statements the Government has offered in Exhibits 18 and 19 fall under a hearsay exception pursuant to Fed. R. Evid. 801(d)(2) because they are opposing party statements and are therefore admissible for the truth of the matter asserted when offered by the Government against the defendant. The Tenth Circuit explained in *United States v. Harry*, 816 F.3d 1268 (10th Cir. 2016), that the prosecution can offer a defendant's own statements because they are not hearsay, but a defendant cannot offer his own statements for the truth of the matter asserted unless he identifies a hearsay exception. 816 F.3d at 1279. As the Circuit explained in *Harry*, the rule of completeness as stated in Fed. R. Evid. 106 can overcome a hearsay objection, as the "rule permits

a party to demand, upon the introduction of a writing or recorded statement, the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time." *Id.* at 1279–80; Fed. R. Evid. 106. This "fairness principle can override the rule excluding hearsay." *Id.*

With the Court having found the statements in Government's Exhibits 18 and 19 are admissible under Rules 401 and 403, the defendant argues that under the rule of completeness, fairness requires admittance of certain additional excerpts of defendant's statements. Defendant submitted several excerpts in Doc. 169 that he argues should be admitted in addition to the Government's Exhibits 18 and 19. Defendant's excerpts include statements describing how the altercation began, statements that the decedent made, defendant's assertion that the decedent previously started fights with him, that decedent carried a knife on him, and about defendant's "tearing up" while talking to Agent Wright. Doc. 169.

In *United States v. Harry*, 816 F.3d 1268 (10th Cir. 2016), which was addressed at the pretrial hearing, the Tenth Circuit examined the rule of completeness. The Circuit found that the district court did not err in admitting the incoming text messages from the defendant to a witness's cellphone when not admitting the corresponding messages that the witness sent in response to the defendant. 816 F.3d at 1279–80. The defendant argued that not admitting the responsive text messages did not provide context, and that the rule of completeness required the context provided by the witness's text messages. *Id.* The Tenth Circuit affirmed the exclusion and noted that "[t]he contours of the fairness standard are rather vague and courts have enormous discretion in applying the rule." *Id.* (citation and quotation marks omitted). *Harry* cites to *United States v. Lopez-Medina*, 596 F.3d 716 (10th Cir. 2010), which provides the considerations for the court under Rule 106: "whether (1) [the additional evidence] explains the admitted evidence, (2) places the admitted

evidence in context, (3) avoids misleading the jury, and (4) insures fair and impartial understanding of the evidence." 596 F.3d at 735 (quotation marks omitted).

In consideration of these factors, the Court finds that there is no fairness issue with these excerpts that would require the admission of the defendant's selected excerpts from his interrogation when those additions constitute hearsay with no exception. Considering the factors of *Lopez-Medina*, the defendant's additional submissions do not contribute or clarify an explanation of what the defendant meant in Exhibits 18 and 19, nor do defendant's excerpts change the meaning of the Government's selections. Defendant's additions therefore do not fulfill the purpose of the rule of completeness—which is that it is unfair or misleading to the jury to remove language essential to the context of a declarant's statement to the extent that the meaning of the statement changes. *Accord United States v. Rodriguez*, 122 F. Supp. 3d 1258, 1266 (D.N.M. 2015). This is a nuanced and fact-specific determination based on the phrasing and meaning of the sentences; "[t]he rule of completeness, however, does not necessarily require admission of [an entire statement, writing or recording.]" *Lopez-Medina*, 596 F.3d at 735.

While the Court does not deny that defendant's statements are relevant to the ultimate inquiry of the charged conduct and his statements could provide additional evidence for the jury to consider, the hearsay rule allows the Government to select the statements it wishes to admit against the defendant, and prevents the defendant from admitting his own out of court statements for the truth of the matter asserted. There is not a compelling reason to override the hearsay objection for the sake of fairness under Fed. R. Evid. 106 in this case. To the extent that defendant argues these statements are misleading or lack context, this is an effort by defendant to get his self-serving statements in front of the jury in the broader sense that exceeds the fairness purpose behind the rule.

**For the foregoing reasons,**

- *Defendant's Motion in Limine Regarding Government's Exhibits 18 and 19* (**Doc. 160**, filed 6/16/19) is **DENIED**;

- Defendant's request that the Court add the excerpts listed in the *Notice of Additional Audio Excerpts of Darren Benally's Interview for the June 24, 2019 Trial* (**Doc. 169**, filed 6/19/19) is **DENIED**;

- *United States' Second Motion to Exclude Hearsay* (**Doc. 170**, filed 6/19/19) is **GRANTED**.

**IT IS SO ORDERED.**

                                      WILLIAM P. JOHNSON
                                      CHIEF UNITED STATES DISTRICT JUDGE