# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                   No. 18-cr-2429-WJ

DARREN BENALLY,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING WITHOUT PREJUDICE THE GOVERNMENT'S MOTION TO RECONSIDER COURT'S ORDER REGARDING TANISHA TYLER'S TRIAL TESTIMONY

THIS MATTER comes before the Court upon the *Government's Motion for Reconsideration of the Court's Order Regarding Tanisha Tyler's Trial Testimony*. Doc. 171, filed 6/19/19. The Court ruled at the pretrial conference hearing on June 18, 2019 that Tanisha Tyler's testimony, based on the Government's proffer, will likely be cumulative and irrelevant because she lacks firsthand knowledge of the events that transpired directly before the victim's death, and that there are several other witnesses who can support identification of the decedent. The Court ruled that "[i]f there's a question about whether the victim is Mr. Tyler, then you [the Government] can call her as a rebuttal witness." Doc. 176, Tr. at 132:2–4. The Government now puts forward the same arguments that the Court already ruled on at the pretrial conference hearing, and the Court revises its ruling so that the Government may renew this motion at the close of its case in chief, at which time the Court will consider the evidence in the record. The *Government's Motion to Reconsider* is therefore, **DENIED WITHOUT PREJUDICE.**

A motion to reconsider may be appropriate to allow the district court "the opportunity to correct alleged errors in its dispositions." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir.

2014). Grounds warranting a motion to reconsider "include: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* ("A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law.") (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Id.*

The Court heard argument at the June 18, 2019 pretrial conference about the probativeness of Tanisha Tyler's testimony. The Government argued then, and argues the same now, that her testimony goes to identification of the decedent because Ms. Tyler knew the decedent and arrived at the scene the night of the death and observed the decedent at that time, and that she can describe the land where the death occurred. The Government claims the relevance goes to its burden of proof to show beyond a reasonable doubt that the defendant caused the death of N.T., named as John Doe in the indictment. Defense objected that other witnesses, including Special Agent Jeffrey Wright and Criminal Investigator Wilson Charlie, observed the land and the decedent's body that evening, and that there is no issue regarding identification of the body. The Government contends that "[n]one of them can identify the victim as the person that was alive." Tr. at 131:20:21.

The Government argues on "manifest injustice" grounds that a reconsideration is appropriate. The Court maintains its ruling that the proffered testimony is not probative given that there is no anticipated dispute of the identification of the decedent and that several other witnesses will testify as to the identification—however, the Court will allow the Government to renew this motion to reconsider prior to the close of its case in chief if there is a question about whether the victim is Mr. Tyler, or if it appears the Government needs Ms. Tyler's testimony to show N.T. is

John Doe, as named in the indictment. The Court revises its prior ruling and the *Government's Motion to Reconsider* (Doc. 171) is therefore **DENIED WITHOUT PREJUDICE. .**

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE