# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

vs.                                                    No: 18-CR-2429-WJ

DARREN BENALLY,

     Defendant.

### DEFENDANT'S  CONTINUED OBJECTIONS TO THE ADDENDUM TO THE PRESENTENCE INVESTIGATION REPORT AND SECOND PRESENTENCE INVESTIGATION REPORT (DOCS. 223, 224)

**COMES NOW**, Darren Benally, by and through his attorney of record, Amy Sirignano, of the Law Office of Amy Sirignano, PC, and makes the following continued objections to the Addendum to the Presentence Investigation Report, and the Second Presentence Investigation Report ("Second PSR") (Docs. 223, 224).

## OBJECTIONS

**Continued Objections to the Addendum to the Presentence Report (Doc. 223)**:

1.     **Addendum to the PSR, page 1, Government's Objection #2**: As stated in Doc. 222, Defendant's Response to the Government's Objections and Sentencing Memorandum (Doc. 220), Mr. Benally accepted responsibility for the alleged offense as soon as he legally could.

2.      Section 3E1.1(b) of the United States Sentencing Guidelines provide for an additional reduction of 1 level if the defendant's offense level is greater than 16, and the defendant timely entered a plea of guilty.  U.S.S.G. § 3E1.1(b).  As stated above, the government, within five (5) days of Counsel entering her appearance, advised it "might get approval for a plea agreement between voluntary manslaughter and second degree murder," (Email from AUSA Raquel Ruiz-Velez to Counsel, May 10, 2018), that position never changed.

3.      Counsel spoke directly to Supervisory AUSA Kyle Nayback (outside the Courtroom) while the jury was still deliberating, and she offered a plea to involuntary manslaughter.  SAUSA Nayback said we should wait for the jury, which the parties did.

4.      Counsel *immediately negotiated* with the government to secure a *fair and reasonable* plea agreement, based on the post-trial voluntary statement of the foreman to the Court and the parties.  The foreman stated that eleven (11) jurors' saw the evidence supporting an involuntary manslaughter conviction.  One (1) juror thought the evidence supported voluntary manslaughter.  *Not one juror* believed the evidence supported a second-degree murder charge or conviction.  There is no question of timeliness in entering into a *fair and reasonable* plea agreement, based on the evidence. The government expended its own resources by mis-evaluating the evidence, and by not offering a plea that was based on the totality of the facts and circumstances of the case.

5.      This Court should not consider the government's position to deny Mr. Benally his third point for acceptance of responsibility.  He again will accept responsibility for his conduct during the sentencing hearing.

6.      The government's refusal to move for the additional third-point is not supported by any motive, other than an unconstitutional one, and is not rationally related to a legitimate government end.  *United States v. Salas*, 756 F. 3d 1196, 1204 (10th Cir. 2014).  In *Salas*, the Court reviewed *United States v. Lee,* 653, F. 3d 170, 174 (2nd Cir 2011).  The *Lee* Court opined, " [t]he court, not the government, imposes sentence, and the court is entitled to a full and accurate record -- as are the parties -- before sentence is imposed. As long as the defendant disputes the accuracy of a factual assertion in the PSR in good faith, the government abuses its authority by refusing to move for a third-point reduction because the defendant has invoked his right to a hearing.  *Lee*, 653 F. 3d at 174.

7.      The *Lee* court further held, "[a] recent decision of the Fourth Circuit is instructive. In *United States v. Divens*, 650 F.3d 343, (4th Cir. 2011), the defendant refused to sign a plea agreement waiving his right to appeal. The government declined to move for the third-point reduction  under § 3E1.1(b) on the grounds that the defendant's refusal to sign an appeal waiver would mean that the government would have to expend resources to defend an appeal. (citation omitted) Relying on the plain language of § 3E1.1(b) and its commentary, the Fourth Circuit held that the government could not

refuse to make the motion on this basis. (citation omitted) The court held

that §3E1.1(b) 'instructs the Government to determine simply whether the defendant

has 'timely' entered a 'plea of guilty' and thus furthered the guideline's purpose in that

manner. It does not permit the Government to withhold a motion for a one-level

reduction because the defendant has declined to perform some other act to assist the

Government.' (citation omitted) These observations apply with equal force here." *Lee*,

653 F. 3d at 175.

8.      Mr. Benally has a due process right to proceed to trial based on the

government's witnesses and evidence. The government was unreasonable by not

properly evaluating the evidence and did not offer a reasonable plea agreement to Mr.

Benally.  Even before the jury returned its note saying it was deadlocked, Counsel for

Mr. Benally requested a plea from Supervisory AUSA Kyle Nayback.   The

government's request is punitive, unconstitutional, and should be denied.

9.      **Addendum to the PSR, pages 2-3, Defendant's Objection #1**:  Part A of

the Second PSR continues not to describe the entire history of the case, the Charge(s)

and Conviction(s).

10.      **Addendum to the PSR, pages 2-3, Defendant's Objection #3**: Mr. Benally

continues to object that the Offense Conduct/Conduct of Conviction should have been

taken by the sworn witness statements at trial, and not the government's hearsay

reports.  Just because the government's second-degree murder case resulted in a hung

jury, there is no prohibition in the caselaw or in U.S.S.G. Section 2B1.2 to the use of the

witnesses sworn statements contained in the trial transcripts.

11.     Counsel for Mr. Benally believes the government's reports are hearsay,

biased and one-sided, not U.S. Probation's "recitation of the discovery documents."

Doc. 223, page 3, Response #3.   Mr. Benally would like the PSR to be amended to

include the Office of the Medical Examiner's complete statement at trial regarding cause

and manner of death, as described in Doc. 221, pages 4, 5, *citing* (Doc. 205, Trial

Transcript 6/25/19, pages 334-335) (Q. The decedent's heart issues and [level of]

intoxication at the time of his death, did you note those as any sort of contributory

cause? A. Yes, I think both of those contributed to his death).  *Id.*

12.     Mr. Benally's conduct should be accurately identified and reflected that he

acted in self-defense, which the facts support and the reason why the jury did not

convict on second-degree murder.  The evidence showed that Mr. Benally used

sufficient force to defend himself, and that "when he stopped [punching], I stopped."

*See* Doc. 221, page 8, citing, Doc. 104, Government's Trial Exhibits 18, and

demonstrative transcript, page 85, lines 2-15); Bates USA v. Darren Benally 000376.  The

words over twenty time came from the FBI Agent, not Mr. Benally. *Id.*

13.     Mr. Benally was not provided with a Navajo interpreter during his intial

law enforcement interview on the night of his arrest.  Counsel immediately made a

request for a Navajo interpreter once the case was filed in District Court.

14.     **Addendum to the PSR, pages 2-3, Defendant's Objection #4**:  The Benally family should have been identified by the victim advocate as additional victims in this case.  They were all very close to N.T.  They lived next to N.T. his entire life.  They all took care of him and looked in on him and his mother, as they were neighbors.  The Benally family will testify at sentencing.

15.     **Addendum to the PSR, pages 2-3, Defendant's Objection #5**:  The defense recognizes that the Mandatory Victim's Restitution Act applies in this case.  Counsel for Mr. Benally would like to continue to enquire about specific charges, $75.29 for the purchase of 12 Basic Tee [shirts].

16.     **Addendum to the PSR, pages 2-3, Defendant's Objection #7**:  Counsel for Mr. Benally continues to object to U.S. Probation's calculation of the base offense level at 18, for reckless conduct.  The base offense level should be 12, for criminally negligent conduct.  Again, Mr. Benally stated that he didn't know how many times he hit N.T. and that he stopped punching when N.T. stopped punching.  The words 20 times or more were the agent's words.

17.     **Addendum to the PSR, pages 2-3, Defendant's Objection #8**:  Defense counsel would like to review copies of the documents U.S. Probation received from Cibola County regarding the two times Mr. Benally was attacked and he was placed in segregation.  Defense counsel is also attempting to get a copy of Mr. Benally's medical records to corroborate he was attacked.

18.    **Addendum to the PSR, pages 2-3, Defendant's Objection #10**:  The government advised the United States Magistrate Judge at the detention hearing that Mr. Benally's arrests were either dismissed or uncharged.  The FBI Agent or the Prosecutor could verify this information if it has not yet been received by the Navajo Nation.

19.    **Addendum to the PSR, pages 2-3, Defendant's Objection #11**:  The language of the PSR, specifically, "the conduct in the instant offense created quite a wedge in the defendant's family," to C.T. and T.T. describe there is a wedge they feel in the family." The wedge has been created by C.T. and T.T., *not* based on Mr. Benally's conduct.  None of N.T.'s family lives in Sanostee, NM anymore, and N.T.'s mother recently passed away.

20.    **Addendum to the PSR, pages 2-3, Defendant's Objection #14**:  Mr. Benally's Offense Conduct, and Parts E and F should be taken from the trial transcripts, not the government's discovery documents, as the trial transcripts are more accurate. Mr. Benally has apologized to the family for N.T.'s and stated that he did not intend to hurt him.

**Continued Objections to the Second PSR (Doc. 224)**:

21.    **Second PSR First Page.**  Ms. Ann McCollum is no longer co-counsel for Mr. Benally.  She will file a motion to withdraw promptly.

22.    **Second PSR ¶¶ 1-7.** See continued objection, ¶ 9, above.

23.    **Second PSR ¶¶ 9-20.**  See continued objection, ¶ 10, above.

24.    **Second PSR ¶ 20.**  N.T. fell to the ground holding Mr. Benally's jacket and shirt (which ripped) (Doc. 104, Government's Trial Exhibit 18,  and demonstrative transcript attached hereto, p. 80, lines 17-21), and Mr. Benally did not estimate that he punched N.T. more than twenty times.  Those words came from the FBI Agent.  Mr. Benally stated he didn't know how many times he punched N.T. and that when N.T. stopped punching, I stopped punching.  (Doc. 104, Government's Trial Exhibit 18 and demonstrative transcript attached hereto, page 84, lines 2-25; page 85, line 1-15).

25.    **Second PSR ¶ 23.**  N.T.'s mother recently passed away.  N.T.'s family has asked the Benally family to attend N.T's mother's funeral and requested donations for her burial expenses.

26.    **Second PSR ¶ 28.**  See continued objection, ¶ 15, above.

27.    **Second PSR ¶¶ 29, 38.**  If the Base Offense level is calculated by the Court at level 18, a three-level (3) adjustment for Acceptance of Responsibility should be given to Mr. Benally.  See continued objection, ¶¶ 1-8, above.

28.    **Second PSR ¶¶ 31-40.**  Counsel for Mr. Benally continues to very respectfully objects to the offense level computation in paragraphs 30-40.   See continued objection, ¶ 16, above.

29.     **Second PSR ¶¶ 31, 19.**  The correct base offense level is 12, not 18.  Mr. Benally's conduct was criminally negligent, not reckless.  The Total Offense Level should be 10, not 16.

30.     **Second PSR ¶ 47.**  See continued objection, ¶ 17, above.

31.     **Second PSR ¶¶ 49, 50, 51, 52, 53.**   See continued objection, ¶ 18, above.

32.     **Second PSR ¶ 56.**  See continued objection, ¶ 19, above.

33.     **Second PSR ¶ 59.**  N.T. and his family no longer reside in Santostee, NM. C.T. and T.T. both live in Farmington, NM, and the Sanostee, NM house is vacant. There also is a pending legal issue about whether C.C. and T.T. remain to qualify to have the homesite lease since N.T. and N.T.'s mother recently passed away.

34.     **Second PSR ¶ 71.**  The total offense level should be 10.

35.     **Second PSR ¶ 82.**  See continued objection, ¶ 15, above.

36.     **Second PSR ¶ 87.**  The total offense level should be 10, resulting in a guildeline sentence of 6-12 months.

## <u>CONCLUSION</u>

For the foregoing reasons, Mr. Benally respectfully requests that the Court accept his continued objections to the Addendum to the Presentence Report (Doc. 223) and the Second Presentence Investigation Report (Doc. 224), to reflect the above.

Respectfully submitted,

 /s/ *Electronically Filed*
Amy Sirignano, Esq.
Law Office of Amy Sirignano, PC
5901J Wyoming Blvd. NE #250
Albuquerque, NM  87109
(505) 242-2770
(505) 242-2774 facsimile
amy@abqnmlaw.com

*Counsel for Darren Benally*

**CERTIFICATE OF SERVICE**
I hereby certify that a copy of the foregoing
pleading was sent via the Court's CM/ECF
system to opposing counsel, and to U.S.
Probation this 18th day of October, 2019.

 /s/ *Electronically Filed*
Amy Sirignano, Esq.