IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |  | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | Cr. No. 18-2429 WJ | |
| | ) | | |
| vs. | ) | | |
| | ) | | |
| **DARREN BENALLY**, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**UNITED STATES' REPLY TO DEFENDANT'S RESPONSE
TO GOVERNMENT'S SEALED OBJECTIONS TO THE
PRESENTENCE REPORT AND SENTENCING MEMORANDUM**

The United States hereby submits its reply to Defendant's Response to Government's Sealed Objections to the Presentence Report and Sentencing Memorandum (Doc. 222) (hereinafter referred to as "Response"). In support thereof, the United States submits the following:

**I. The vulnerable-victim enhancement is applicable in this case.**

The United States asserts that the vulnerable-victim enhancement applies in this case due to John Doe's intoxication level, physical condition-including health and physical characteristics -and the age disparity between the victim and Defendant.

The Court should consider these characteristics to determine that John Doe was a vulnerable victim. John Doe was intoxicated the evening of the incident, as reflected in the autopsy report, and Defendant, who was sober, knew that John Doe was intoxicated. In addition, John Doe was twenty five years older than the Defendant, obese and had health complications, while Defendant was young and healthy.

Further, according to the statements that Defendant provided to agents on March 27, 2018, Defendant "shoved [John Doe] down." While John Doe was on the ground, unable to defend himself, Defendant beat him to death. "Put succinctly: When an individual, like [the victim], is so drunk that he is unable to protect himself, he may be properly considered an unusually vulnerable victim with regard to a physical assault of the type at issue here." *United States v. Talk*, 446 Fed.Appx. 114, 124 (10th Cir. 2011)(unpublished). Given John Doe's condition, Defendant knew or should have known that John Doe was a vulnerable victim. Therefore, this enhancement is applicable.

**II.     A reduction of an additional level from his offense is not warranted.**

The United States has the discretion to withhold motion to reduce offense level for acceptance of responsibility if Defendant has not "assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." USSG § 3E1.1(b); *see United States v. Salas*, 756 F.3d 1196, 1204 (10th Cir. 2014). Here, the Court record is clear. Defendant has not assisted authorities in the investigation or prosecution of his own misconduct, as such, judicial resources have been expended.

In *Salas*, the Tenth Circuit indicated that "the government's stated reason for refusing to file the § 3E1.1(b) motion—avoiding litigation and conserving resources—is rationally related to the legitimate government interest in the efficient allocation of its resources." 756 F.3d at 1205. The Tenth Circuit also explained that "[a]n unconstitutional motive is one that is based on the defendant's race, religion, or gender." *Id*. at 1206. In this case, Defendant exercised his constitutional right to proceed to trial and the jury found Defendant responsible for his violent

conduct, but was unable to reach a unanimous verdict as to the degree of Defendant's culpability. Thereafter, the parties reached an agreement in which Defendant pleaded guilty to involuntary manslaughter.

Given that Defendant has not assisted authorities in the investigation or prosecution of his own misconduct, which is supported by the Court record, a reduction of an additional level from Defendant's offense level for acceptance of responsibility is not applicable.

## III. There is no evidence to support a consideration for downward departure pursuant to USSG § 5K2.10.

The consideration for a downward departure under USSG § 5K2.10 is not supported by corroborating evidence. The "associated reports" that "outline the course of events which led up to the incident, which include a history of N.T. harassing the defendant, being intoxicated, approaching the defendant while calling him a derogatory name, and becoming combative when asked to leave" are Defendant's self-serving statements to agents after he killed John Doe. The evidence does not include information that corroborates Defendant's claim that John Doe harassed him or was combative with him. Thus, PSR ¶ 87 should be corrected.

WHEREFORE, for the foregoing reasons, the United States respectfully requests the Court apply a two-level enhancement for vulnerable victim, not grant a reduction of an additional level from Defendant's offense level for acceptance of responsibility and correct PSR ¶ 87.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*Electronically filed 10/18/2019*
RAQUEL RUIZ VELEZ

Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274
(505) 346-7296 fax

I HEREBY CERTIFY that on the 18th
day of October, 2019 I filed the foregoing
pleading electronically through the CM/ECF
system, which caused counsel of record
to be served by electronic means on this date.
*/s/* _____
Raquel Ruiz Velez
Assistant U.S. Attorney