IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Cr. No. 18-2429 WJ |
| | ) | |
| vs. | ) | |
| | ) | |
| **DARREN BENALLY**, | ) | |
| | ) | |
| Defendant. | ) | |

### UNITED STATES' SENTENCING MEMORANDUM

The United States of America hereby files its sentencing memorandum respectfully

requesting that the Court sentence Defendant to a term of imprisonment at the high end of his

guideline range.  In support thereof, the United States submits the following:

### I.        BACKGROUND

On April 5, 2018, Defendant was charged by criminal complaint with Second-Degree

Murder, a crime that occurred in Indian Country, in violation of 18 U.S.C. §§ 1153(a) and

1111(a).  Doc. 1.  On July 27, 2018, a federal grand jury charged Defendant with Second-Degree

Murder, in violation of 18 U.S.C. §§ 1153 and 1111.  Doc. 26.  In sum, Defendant killed John

Doe by repeatedly punching him in the face and head with closed fists while John Doe, who was

heavily intoxicated, lay on the ground.

On April 17, 2019, a federal grand jury charged Defendant with Assault Resulting in

Substantial Bodily Injury to an Intimate Partner, in violation of 18 U.S.C. §§ 1153 and 113(a)(7).

Cr. No. 19-1155 JAP, Doc. 3.  This charge arose from a crime that occurred on or about August

15, 2017, approximately seven months prior to the murder of John Doe.  *Id.*  This case was

assigned to Senior United States District Judge James A. Parker. Cr. No. 19-1155 JAP, Doc. 1.

On July 22, 2019, Defendant pleaded guilty to an information charging him with Involuntary Manslaughter, in violation of 18 U.S.C. §§ 1112(a), (b) and 1153.  Doc. 211 and 214.  In exchange for Defendant's guilty plea, the United States agreed that following sentencing, it would move to dismiss the indictments filed in the two cases, 18-CR-02429 WJ and 19-CR-01155 JAP.  Doc. 214 at 8.

A revised Presentence Report ("PSR") was disclosed on October 17, 2019.  Doc. 224. The PSR writer calculated Defendant's adjusted offense level at 18.  PSR ¶ 36.  Defendant then received a two-level reduction for acceptance of responsibility, which reduced his total offense level to 16.  PSR ¶ 39.  Defendant's criminal history category was calculated at I.  PSR ¶ 44. According to the PSR, a total offense level of 16 and a criminal history category of I result in a guideline imprisonment range of 21 to 27 months.  PSR ¶ 71.

## II.        ARGUMENT

Based on the factors set forth in 18 U.S.C. § 3553(a), a sentence at the high end of Defendant's guideline range is appropriate in this case.  The Guidelines are advisory.  *See United States v. Booker*, 543 U.S. 220, 234 (2005).  In determining a sentence, the Court must conduct an analysis using both the Guidelines and the sentencing factors.  Both the sentencing judge and the (Sentencing) Commission "are carrying out the same basic § 3553(a) objectives, the one, at retail, and the other at wholesale."  *Rita v. United States*, 551 U.S. 338, 345 (2007).  The factors listed in 18 U.S.C. § 3553(a) include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(1), (2)(A)-(D).  Based on these factors, the United States respectfully

requests the Court sentence Defendant to a term of imprisonment at the high end of his guideline

range, followed by three years of supervised release, and restitution in the amount of $2,535.42

(PSR ¶ 28).

### A.     The Nature and Circumstances of the Offense

In this case, Defendant killed his uncle, John Doe, by punching him in the head and face

multiple times.  Defendant "shoved" John Doe to the ground and while John Doe was on the

ground, highly intoxicated, Defendant struck him multiple times with closed fists.  PSR ¶ 16.

Once John Doe stopped moving, Defendant left him bleeding on the scene and went back to his

mother's house.  Defendant's uncle, Deanno Benally, saw John Doe on the ground and ran

towards him.  When Deanno Benally saw John Doe's condition, Deanno Benally called his

girlfriend, Doreen Williams.  Ms. Williams reported the incident to the police.  When police

arrived at the scene, John Doe was unresponsive.  According to the autopsy report, John Doe

died of blunt head trauma.  PSR ¶ 18.

### B.     History and Characteristics of Defendant

Although Defendant's criminal history category is I, Defendant has a lengthy history of

violence against women.  Defendant's history shows that on April 13, 2011, Defendant and three

females battered Defendant's ex-girlfriend at the Newcomb High School.  PSR ¶ 49.

"[D]efendant grabbed [the victim] and dragged her behind [a] building where the three females

began to strike and kick [the victim.]"  *Id.*  According to the incident report, the victim sustained

bruises and scratches on her forehead.  (Discovery Bates Number 213).

Another incident of violence involving Defendant occurred on or about November 30, 2011, when a physician with the Northern Navajo Medical Center reported to the Shiprock, Police Department that "a female [patient] was battered and possibly sexually assaulted."  PSR ¶ 50.  According to the incident report, Defendant was identified as the perpetrator of these crimes. In the report, the victim indicated that Defendant assaulted her and raped her in the backseat of a car.  An Order of Protection was issued against Defendant.  *Id.*

On or about October 11, 2012, Defendant battered his ex-girlfriend on the San Juan College campus.  PSR ¶ 46.  As a consequence, "[D]efendant was expelled from the institution for the reminder of the school year."  *Id.*  He was informed that "he could resume classes in the fall [semester] of 2013."  *Id.*

On or about August 15, 2017, Defendant was arrested for Aggravated Assault.  PSR ¶ 51. According to the incident report, Defendant and his then girlfriend, B.W., had a verbal argument that Defendant escalated to a physical altercation.  Defendant and B.W. were inside her vehicle when Defendant grabbed her by the hair and pushed her head down until "she hit the shift knob." Defendant punched and scratched B.W. until she opened the driver's door and fell out of the vehicle.  Defendant got out of the vehicle, and similar to the instant case, Defendant "started punching [ ] and kicking her while she was on the pavement."  (Discovery Bates Number 204). B.W. screamed for help and a security officer of the Flowing Waters Casino responded to her screams.  When the security officer approached the scene, he observed "a female laying on the floor and [Defendant] standing over her hitting her with close[d] fists."  *Id.*  The security officer commanded Defendant to sit on the ground.  According to B.W.'s statements, "she was scared [that] he was going to beat her up badly."  *Id.*  Upon information and belief, the tribal court dismissed this case without prejudice due to lack of service.  On April 17, 2019, a federal grand

jury charged Defendant with Assault Resulting in Substantial Bodily Injury to an Intimate

Partner based on the facts arising out of this incident.  Cr. No. 19-1155 JAP, Doc. 3.

> **C.     The Need for the Sentence Imposed to Promote Respect for the Law, Provide Just Punishment, Adequate Deterrence and to Protect the Public from Further Crimes of the Defendant**

A sentence at the high end of Defendant's guideline imprisonment range, followed by

three years of supervised release, and restitution in the amount of $2, 535.42 would promote

respect for the law, provide just punishment, provide adequate deterrence and protect the public

from further crimes of Defendant.  A term of imprisonment for Defendant's conduct, followed

by a term of supervision, would protect the community from further criminal activity of

Defendant.  The plea agreement has given Defendant a substantial reduction of his term of

imprisonment; thus, any further reduction of his term of imprisonment is not warranted because

it would not accomplish the sentencing goals of retribution, deterrence and protection of the

public.

> **D.     The Sentencing Guidelines for the Applicable Category of Offense Committed by the Applicable Category of Defendant**

Defendant's guideline imprisonment range is within what could be considered the

category offense by the applicable category of Defendant.  However, the high end of Defendant's

guideline range would reflect Defendant's history and characteristics, which include violent

conduct against women.

### III.     CONCLUSION

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the

Court sentence Defendant at the high end of the corrected guideline imprisonment range,

followed by three years of supervised release, and restitution in the amount of $2,535.42.  The

United States submits that this is "a sentence sufficient, but not greater than necessary, to comply

with [the sentencing goals.]" 18 U.S.C. § 3553(a).

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*Electronically filed 10/28/2019*
RAQUEL RUIZ VELEZ
JOSEPH M. SPINDLE
Assistant United States Attorneys
P.O. Box 607
Albuquerque, New Mexico  87103
(505) 346-7274
(505) 346-7296 fax

I HEREBY CERTIFY that on the 28th day
of October, 2019, I filed the foregoing
pleading electronically through the CM/ECF
system, which caused counsel of record to
be served by electronic means on this date.
*/s/*
Raquel Ruiz Velez
Assistant U.S. Attorney