# UNITED STATES DISTRICT COURT, DISTRICT OF NEW MEXICO
## SENTENCING MINUTE SHEET

| | | | |
|---|---|---|---|
| CR No: | 18-2429 WJ | USA vs.: | Benally |
| Date: | November 20, 2019 | Name of Deft: | Darren Benally |

Before the Honorable: Chief District Judge William P. Johnson

| | | | |
|---|---|---|---|
| Time In/Out: | 10:28am – 11:53am<br>1:17pm – 1:50pm<br>2:33pm - 2:49pm | Total Time in Court (for JS10): | 2 hours 14 minutes |
| Clerk: | R. Garcia | Court Reporter: | M. Loughran |
| AUSA: | Raquel Ruiz-Velez | Defendant's Counsel: | Amy Sirignano |
| Sentencing in: | Albuquerque, NM | Interpreter: | Esther Yazzie |
| Probation Officer: | Jason Hunt and Shaun Ward | Interpreter Sworn? | **X** Yes  ☐ No |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Convicted on: | **X** Plea | | Verdict | As to: | **X** Information | | Indictment |
| If Plea: | **X** Accepted | | Not Accepted | Adjudged/Found Guilty on Counts: | | | |
| If Plea Agreement: | **X** Accepted | | Not Accepted | No Plea Agreement | Comments: | | |
| Date of Plea/Verdict: | 7/22/2019 | PSR: | Not Disputed | **X** Disputed | **X** Courts adopts PSR Findings | | |
| Evidentiary Hrg: | **X** Not Needed | | Needed | Exceptions to PSR: | | | |

| **SENTENCE IMPOSED** | Imprisonment (BOP): | 30 months |
|---|---|---|
| Supervised Release: 3 years | | Probation: |
| REC | 500-Hour Drug Program    BOP Sex Offender Program    Other: | |
| ICE | Court recommends ICE begin removal proceedings immediately or during service of sentence    ICE not applicable | |

## SPECIAL CONDITIONS OF SUPERVISION

| | | | |
|---|---|---|---|
| | No re-entry without legal authorization | | Home confinement for ___ months ___ days |
| | Comply with ICE laws and regulation | | Community service for ___ months ___ days |
| **X** | Participate in an initial substance abuse testing; if negative, per paragraph 63 of PSR, no substance abuse treatment will be required. | | Reside halfway house ___ months ___ days |
| | Participate in/successfully complete mental health program | | Register as sex offender |
| | Refrain from use/possession of alcohol/intoxicants | | Participate in sex offender treatment program |
| **X** | Submit to search of person/property | | Possess no sexual material |
| **X** | No contact with victim(s) family members; does not apply to Defendant's family. | | No computer with access to online services |
| | No entering or loitering near victim's residence | | No contact with children under 18 years |
| | Provide financial information | | No volunteering where children supervised |
| | Grant limited waiver of confidentiality | | Restricted from occupation with access to children |
| | Refrain from use and possession of synthetic cannabinoids, etc. | | No loitering within 100 feet of school yards |
| | No possession of a firearm, ammunition, destructive device or any other dangerous weapon | | Participate in an educational or vocational program approved by the Probation Officer |

OTHER:
1. Deft must participate in and successfully complete a community-based program which provides education and training in anger management
2. Deft must complete 80 hours of community service during your term of supervised release

| | | | |
|---|---|---|---|
| Fine: $ | 0.00 (community service imposed) | Restitution: $ | 2,535.42; $477.50 to CVRC; $2,057.92 to C.T. Rerestitution is to be paid in full, or monthly installments of $100 or 10% of the defendant's monthly income, whichever is greater. The Court waives any interest on the restitution amount. |
| SPA: $ | 100.00 | Payment Schedule: | **X** Due Immediately    ☐ Waived |

| | OTHER: | | |
|---|---|---|---|
| | Advised of Right to Appeal | **X** | Waived Appeal Rights per Plea Agreement |
| **X** | Held in Custody | | Voluntary Surrender |
| **X** | Recommended place(s) of incarceration: FCI Tucson, AZ. | | |
| | Dismissed Counts: | | |

| | |
|---|---|
| | Ms. Sirignano advises PSR reviewed with client. |
| | The Court asks if the parties will have witness allocation or testimony. |
| | Mr. Ruiz advises she will have one to allocate. |
| | Ms. Sirignano advises she would like to have witness Dino Benally present testimony that will go to her client's objections; explains Dino Benally will provide both testimony and victim allocution. |
| | Ms. Ruiz would object to victim allocution by Dino Benally. |
| | The Court has no objection re testimony re vulnerable victim objection; but not for victim allocution. |
| | Ms. Sirignano responds. |
| | The Court will allow it; but, will see what weight to give it. |
| | Ms. Ruiz replies; clarifies that the family designated Tanisha Tyler as the family spokesperson; |
| | Mr. Ruiz cites the statute re victim allocution. |
| | The Court questions Ms. Ruiz re family spokesperson. |
| | The Court questions Ms. Sirignano re relation of Dino Benally to victim. |
| | The Court asks Mr. Ruiz to make argument why Dino Benally does not have standing to allocate. |
| | Ms. Ruiz responds; notes the family has chosen their spokesperson Tanisha Tyler. |
| | Ms. Sirignano responds why the Court should overrule the Government's objection. |
| | The Court will sustain the Government's objection and will only allow testimony by Dino Benally as to vulnerable victim enhancement. |
| | Ms. Tanisha Tyler presents victim allocution to the Court. |
| | The Court will take up Ms. Sirignano's other objections from Doc. 236. |
| | The Court hears argument from counsel re objections to PSR: |
| | Objection Page One re who is counsel of record – Court notes change made in Probation's addendum. |
| | Objection to paragraphs 1 – 7 – Court overrules |
| | Objection to paragraphs 9 through 20 – Court overrules |
| | Objection re restitution (amount for T-Shirts), no objection to CVRC amount – Court reserve ruling. |
| | Objection to Base OL level computation based on criminally negligent conduct; Court overrules objection. |
| | Objection to paragraph 38 re denial of third point for acceptance of responsibility – Court takes under advisement. |
| | Mr. Ruiz argues in support of the Government's objection to the PSR; argues that the vulnerable victim enhancement should be applied; offers Exhibits 1 (Medical Report Bates #618) and 2 (NCIC Report Bates #169, 170, 171, 172, 173); without objection, the Court admits Exhibits 1 and 2. |
| | Court breaks for lunch. |
| | Court back in session. |
| | Ms. Sirignano responds in opposition to the Government's objection/request for application of vulnerable victim enhancement. |
| | Ms. Ruiz replies. |
| | The Court returns to Ms. Sirignano's objection re third point for acceptance of responsibility; cites 6th Circuit case law USA v. Capozzi; Court overrules Defendant's objection and finds the 2 points for acceptance of responsibility was properly applied. |
| | The Court inquires re counsels' calculation of guidelines with and without vulnerable victim enhancement; with application of vulnerable victim enhancement, Ms. Ruiz believes OL should be 18, CHC I, resulting in a sentencing range of 27 to 33 months; without application of the vulnerable victim enhancement, Ms. Sirignano believes OL should be 16, CHC I, resulting in a sentencing range of 21 to 27 months. |
| OTHER COMMENTS: | Mr. Ruiz requests a sentence at the high end of what the Court determines the final guideline |

| |
|---|
| sentencing range to be; requests a supervision term of 3 years; concurs with restitution amount of $2,535.42, and $100 SPA.<br>Defendant addresses the Court.<br>Ms. Sirignano addresses the Court; notes for the record, her objection to the Court ruling re denial of application of the third point for acceptance of responsibility; argues for sentence at the low end of what counsel believes should be a guideline range of 21 to 27 months.<br>The Court will take a short to consider its ruling and sentence in this matter.<br>Court back in session.<br>The Court reviews Defendant's history and characteristics re anger issues.<br>The Court cites 10th Circuit case of USA v. Talk; sustains the Government's objection and finds the vulnerable victim enhancement is applicable; finds OL to be 18, CHC I, sentencing range of 27 to 33 months.<br>With regard to the T-Shirts for the funeral, the Court finds them to be a reasonable expense for inclusion in total funeral restitution amount. |