# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                              No. 1:18-cr-2429-WJ

DARREN BENALLY,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court following a hearing on Defendant's objection to not receiving the additional one-level decrease to his offense level for acceptance of responsibility in accordance with U.S.S.G. § 3E1.1(b). Doc. 236 at 13-16. The Court overruled Defendant's objection at the November 20, 2019 hearing for the reasons stated below.

Defendant went to trial on an indictment for second-degree murder in June 2019. Doc. 196. After a week-long trial, the Court declared a mistrial because of a deadlocked jury. Doc. 195. A month later, Defendant entered into a plea agreement and pleaded guilty to involuntary manslaughter. Doc. 215. United States Probation, as a result, applied a two-level decrease to Defendant's offense level for acceptance of responsibility in the presentence report, but not the additional one-level decrease because the United States did not file a motion requesting it since Defendant did not plead guilty until after a trial. Doc. 224 at 9.

A defendant receives a two-level decrease to his offense level if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). A defendant may receive an additional one-level decrease if:

the defendant qualifies for a decrease under subsection (a), the offense level

> determined prior to the operation of subsection (a) is level 16 or greater, and *upon motion of the government* stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, *thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently*.

*Id.* § 3E1.1(b) (*emphasis* added). The Tenth Circuit has "held that § 3E1.1(b) confers on the government 'a power, not a duty, to file a motion when a defendant has timely notified prosecutors of an intention to plead guilty.'" *United States v. Salas*, 756 F.3d 1196, 1204 (10th Cir. 2014) (citation omitted). "A district court may review the government's decision not to file a § 3E1.1 motion and grant a remedy if it finds the refusal was '(1) animated by an unconstitutional motive, or (2) not rationally related to a legitimate government end.'" *Id.* (citation omitted).

Defendant argues he is entitled to the additional one-level decrease for acceptance of responsibility because the United States' "refusal to move for the additional third-point is not supported by any motive, other than an unconstitutional one, and is not rationally related to a legitimate government end." Doc. 236 at 14-15. In support of his argument, Defendant explains that the United States did not offer a fair and reasonable plea agreement until after the mistrial and that once they did Defendant timely accepted responsibility by pleading guilty. *Id.* at 13-16.

In making this argument, Defendant wrongly assumes he has a right to be offered a plea agreement, let alone a fair and reasonable plea agreement. *Missouri v. Frye*, 566 U.S. 134, 148 (2012) (explaining that a defendant has no right to be offered a plea agreement). Defendant also disregards the fact that he pleaded guilty after a trial and that to qualify for the additional one-level decrease in accordance with § 3E1.1(b) he must have timely notified the United States and the Court of his intention to plead guilty, "*thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently*."

2

Defendant offers no evidence showing that the United States' decision not to move for the additional one-level decrease was "animated by an unconstitutional motive" or "not rationally related to a legitimate government end." *Salas*, 756 F.3d at 1204. The United States' decision was based on the fact that Defendant did not plead guilty until after the United States expended resources litigating a trial. The United States, therefore, "reasonably declined to move for the additional one-level decrease in the offense level for acceptance of responsibility when [Defendant] denied responsibility until after a mistrial was declared following the completion of a full trial." *United States v. Capozzi*, 723 F.3d 720, 730 (6th Cir. 2013).

**IT IS THEREFORE ORDERED** that Defendant's objection to not receiving the additional one-level decrease to his offense level for acceptance of responsibility in accordance with U.S.S.G. § 3E1.1(b) is **DENIED**.

**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**